IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

KENDALL YOUNG,

      Appellant,

v.                                                                                      Case No.  5D16-1610

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 12, 2017

Appeal from the Circuit Court
for Orange County,
Keith A. Carsten, Judge.

James S. Purdy, Public Defender, and
Thomas J. Lukashow, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellee.

LAMBERT, J.

      Kendall Young, a juvenile offender, challenges the constitutionality of the ten-year

mandatory minimum provision of a ten-year prison sentence that he received for

committing the crime of robbery with a firearm, a first-degree felony punishable by up to

life imprisonment.[1]  Young does not contend that a ten-year prison sentence by itself is unconstitutional,[2] but asserts that pursuant to the United States Supreme Court opinions in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), and *Graham v. Florida*, 560 U.S. 48 (2010), the imposition of any mandatory minimum sentence upon a juvenile offender violates the Eighth Amendment's prohibition against cruel and unusual punishment because such a sentence precludes the trial court from making any individualized sentencing considerations and fails to recognize that juveniles have diminished culpability and greater prospects for reform.  Young also raises a second argument, not presented to the trial court, that Florida's juvenile sentencing statutes, codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes (2014), "supersede" the provisions of section 775.087(2), that require the imposition of the ten-year mandatory minimum prison sentence in this case.  We disagree with Young's arguments and, therefore, affirm his sentence.

In *Graham*, the United States Supreme Court held that the Eighth Amendment to the United States Constitution forbids a sentence of life in prison without parole for a juvenile offender who did not commit a homicide.  560 U.S. at 74.  Two years later, in *Miller*, the Court held that a mandatory life sentence without the possibility of parole for juvenile offenders who commit homicides violates the Eighth Amendment's prohibition against cruel and unusual punishment.  132 S. Ct. at 2465.  In response to both *Graham* and *Miller,* the Florida Legislature enacted the aforementioned juvenile sentencing

---

[1] § 812.13(2)(a), Fla. Stat. (2014).

[2] Young has not challenged a separate, concurrent ten-year prison sentence that he received in this case for committing the crime of possession of a firearm by a person found to have committed a delinquent act.

statutes to comply with both cases. Notably, while section 921.1401 requires that the trial court consider certain designated factors relevant to the offense and to the defendant's youth and attendant circumstances in determining whether to impose a sentence of life imprisonment or a term of years equal to life imprisonment, the statutes do not prohibit juvenile offenders from receiving lengthy prison sentences.[3] *See Peterson v. State*, 193 So. 3d 1034, 1036 (Fla. 5th DCA 2016). What "they do require [is] that the juvenile receives a review hearing after a designated number of years based on the crime for which the juvenile was convicted to allow the sentencing court the discretion to modify the sentence if the juvenile offender has demonstrated sufficient maturity and reform." *Id.* Depending upon the crime committed, the earliest that the Legislature has provided for a judicial review hearing for a juvenile offender serving a lengthy sentence is fifteen years. *See* § 921.1402(2)(c), Fla. Stat. (2014).

Our review of the constitutionality of a sentence is de novo. *Abrams v. State*, 971 So. 2d 1033, 1035 (Fla. 4th DCA 2008) (citing *Russ v. State*, 832 So. 2d 901, 906 (Fla. 1st DCA 2002)). We reject the argument that the ten-year mandatory minimum sentence imposed in this case violates the Eighth Amendment as being inconsistent with *Miller's* direction that a judge must have the flexibility to fashion the appropriate sentence for a juvenile offender, allowing for the consideration of the juvenile's age. 132 S. Ct. at 2460, 2466-67. Young was adjudicated guilty of a crime for which he faced a maximum sentence of up to life imprisonment. Because Young was a juvenile offender, he was entitled to a separate sentencing hearing pursuant to section 921.1401(1) to determine if

---

[3] *Graham* specifically recognized that juvenile offenders could remain imprisoned for life, but held that the Eighth Amendment prohibited states from determining at the outset that these offenders will never be fit to re-enter society. 560 U.S. at 75.

a "term of life imprisonment" is an appropriate sentence.  Young, in fact, received this individualized sentencing hearing.  He presented testimony from his two grandmothers and from an aunt, with each providing the trial court with evidence as to Young's background, intellectual capacity, family and home environment, maturity, and his ability for rehabilitation.  Young's counsel argued for leniency, reminding the court that, for sentencing purposes, juveniles should be treated differently than adults.

We find no constitutional error in the trial court's sentence.  The court clearly allowed for the consideration of Young's age in fashioning its sentence, as evidenced by Young receiving the lowest permissible sentence for his crime.[4]  Although we acknowledge that the ten-year mandatory minimum sentence required here does limit, to some extent, the discretion of a trial court in sentencing a juvenile offender, we do not view this modest limitation as a constitutional infirmity.

"Reviewing courts . . . should grant substantial deference to the broad authority that legislators necessarily possess in determining the types and limits of punishments for crimes . . . ."  *Solem v. Helm*, 463 U.S. 277, 290 (1983).  "[T]he length of a sentence actually imposed for violation of the criminal law is generally a matter of legislative prerogative."  *Morrow v. State*, 856 So. 2d 1043, 1044 (Fla. 5th DCA 2003) (citing *Hale v. State*, 630 So. 2d 521 (Fla. 1993)).  In sentencing juvenile offenders, the Florida Supreme Court ruled that the constitutional prohibition against cruel and unusual punishment under *Graham* is implicated when a juvenile's sentence lacks a review mechanism that does not afford him a meaningful opportunity to obtain early release during his or her natural

---

[4] And as further evidenced by the fact that, at the time Young committed this crime, he was on probation on a separate charge of robbery with a firearm.

life based on demonstrated maturity and rehabilitation. *Henry v. State*, 175 So. 3d 675, 679–80 (Fla. 2015). By its juvenile sentencing statutes, the Florida Legislature determined that, depending on the crime committed and the length of the prison sentence, juvenile offenders are entitled to a review hearing and an opportunity for early release after serving twenty-five,[5] twenty,[6] or fifteen[7] years, but that a juvenile offender serving any lesser sentence is not entitled to a review hearing. The Legislature also determined that a ten-year minimum mandatory sentence is the lowest sentence that a trial judge in Florida may impose for the crime of robbery if the defendant was in actual possession of a firearm in the commission of the crime.[8] We see no reason to question or second-guess the legislators' judgment that a ten-year prison sentence imposed upon a juvenile offender does not warrant a review hearing and that the type of crime Young committed and the manner in which he committed it, even as a juvenile, mandates the punishment imposed here. Unlike the juvenile offenders in *Graham* and *Miller*, who were each serving life sentences with no possibility for early release, Young will be released from prison and will re-enter society when he is twenty-seven years old. The trial court, by its sentence, has provided Young with a "meaningful opportunity" for early release at a young age.

As to Young's second argument, we agree with the State that the issue of whether the 2014 enactment of the juvenile sentencing statutes impliedly repealed the mandatory minimum sentencing requirements in this case under section 775.087(2) has not been

---

[5] § 921.1402(2)(a)-(b), Fla. Stat. (2014).

[6] § 921.1402(2)(d), Fla. Stat. (2014).

[7] § 921.1402(2)(c), Fla. Stat. (2014).

[8] § 775.087(2)(a), Fla. Stat. (2014).

preserved for review. It is generally inappropriate for a party to raise an issue for the first time on appeal without first presenting it to the trial court. *Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) (citing *Dade Cty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638 (Fla. 1999)). "In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." *Id.* (quoting *Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985)).

Moreover, we find that even if this issue had been preserved for review, it lacks merit. First, the repeal of a statute by implication is not favored. *Newell v. Fla. Dep't of Corr.*, 42 Fla. L. Weekly D538 (Fla 1st DCA Mar. 3, 2017) (citing *Carcaise v. Durden*, 382 So. 2d 1236 (Fla. 5th DCA 1980)). Second, "[t]here is a general presumption that later statutes are passed with knowledge of prior existing laws, and a construction is favored which gives each one a field of operation, rather than having the former repealed by implication." *Id.* (quoting *Oldham v. Rooks*, 361 So. 2d 140, 143 (Fla. 1978)). Finally, although an earlier statute can be impliedly repealed by a later statute, the enactment of the later statute does not operate to repeal a prior statute by implication unless such is clearly the legislative intent. *Am. Bakeries Co. v. Haines City*, 180 So. 524, 529 (Fla. 1938).

Here, there is no clear indication that when it enacted the juvenile sentencing laws in 2014, the Florida Legislature intended to affect the ten-year mandatory minimum provision of section 775.087(2) applicable in this case. A more plausible interpretation is that the Legislature, by requiring that a juvenile offender's prison sentence be at least

6

fifteen years before the offender is entitled to a judicial review hearing and possible early release, did not intend to repeal or otherwise implicate the ten-year mandatory minimum provisions of section 775.087(2) applicable in this case.

AFFIRMED.

TORPY, J., and JACOBUS, B. W., Senior Judge, concur.