DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FELIX JOSUE MARTINEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2321

[October 10, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 50-2003-CF-003597-AXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

MIRMAN, LAWRENCE, Associate Judge.

At the age of seventeen, Appellant, Felix Martinez, shot two people who were seated in a car during the course of a drug transaction. One lived, the other perished. A jury convicted Appellant of second degree murder with a firearm, attempted second degree murder with a firearm, and shooting into an occupied vehicle. The trial court originally sentenced Appellant to life in prison without the possibility of parole on the second degree murder with a firearm count and to thirty years in prison with a minimum mandatory of twenty-five years under Florida's 10-20-Life statute.[1] However, following the Supreme Court's decision in *Miller v.*

---

[1] The 10-20-Life statute, which is codified in section 775.087 of the Florida Statutes, provides for mandatory minimum sentences for certain offenses when a defendant possesses a firearm (minimum of either three years or ten years depending on the offense), discharges a firearm (minimum of twenty years), or discharges a firearm and as the result of the discharge, inflicts death or great bodily harm (minimum of twenty-five years).

*Alabama,* 567 U.S. 460 (2012), and the subsequent codification of section 921.1401 of the Florida Statutes, Appellant was resentenced to fifty years on the second degree murder with a firearm count and to thirty years on the attempted second degree murder with a firearm count. These terms were imposed concurrent and each carried a twenty-five year minimum mandatory under the 10-20-Life statute. Appellant appeals the constitutionality of his new sentence, arguing that *Miller* prohibits imposition of statutory minimum mandatories, such as those contained in the 10-20-Life statute, to juvenile offenders. We reject Appellant's argument and affirm his sentence.

The starting point for analyzing Appellant's claim on appeal are two United States Supreme Court decisions: *Graham v. Florida,* 560 U.S. 48 (2010) and *Miller v. Alabama,* 567 U.S. 460 (2012). In *Graham,* the court provided that any sentence imposed on a juvenile offender for a non-homicide offense must provide a "meaningful opportunity [for the offender] to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. Following *Graham,* the *Miller* court held that before imposing a life sentence on a juvenile for a homicide offense, the sentencing court must first "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." 567 U.S. at 480.

In response to *Graham* and *Miller,* the Florida Legislature adopted chapter 2014–220, Laws of Florida, which is primarily codified in sections 921.1401 and 921.1402 of the Florida Statutes. These laws outline the factors a court must take into account when considering whether a juvenile offender should be sentenced to life and provide a review mechanism for certain sentences imposed upon juveniles who commit capital, life, or first degree felonies. §§ 921.1401–.1402, Fla. Stat. (2014). The Florida Supreme Court has since provided that all juvenile offenders who were given life sentences (whether discretionary or mandatory, homicide or not) without consideration of the factors enumerated in *Graham* and *Miller* are entitled to be resentenced pursuant to sections 921.1401–.1402 of the Florida Statutes. *Kelsey v. State,* 206 So. 3d 5, 11 (Fla. 2016); *Landrum v. State,* 192 So. 3d 459, 460–61 (Fla. 2016).

Appellant now argues that although he was resentenced as required by *Miller* and *Landrum,* the trial court's imposition of minimum mandatories under Florida's 10-20-Life statute nonetheless rendered his sentences unconstitutional. Reducing his argument to its simplest form, Appellant argues that any mandatory minimum sentence as applied to a juvenile offender divests the trial court of the authority to consider the juvenile

offender's "youth and its attendant circumstances," and, therefore, violates the mandates of *Miller* and *Landrum*. We disagree.

This Court's decision in *St. Val v. State*, 174 So. 3d 447 (Fla. 4th DCA 2015), is instructive. There, we affirmed a juvenile offender's twenty-five year minimum mandatory sentence for the crime of attempted first degree murder and, in doing so, held that minimum mandatory sentencing schemes not resulting in sentences of life without parole do not violate the principles espoused in *Graham* and *Miller* as applied to juvenile offenders. *Id.* at 448–49. We concluded that "unlike a life without parole sentence," a twenty-five year mandatory sentence as imposed on a juvenile offender allows for a "meaningful opportunity" for release and does "not result in a juvenile being classified as 'forever [] a danger to society'" *Id.* at 449–50 (quoting *Miller*, 567 U.S. at 472).

Despite the parallels between the holding in *St. Val* and the instant case, Appellant argues that *St. Val* is not controlling because the *St. Val* court based its decision on the possibility for release and did not consider the specific argument raised by Appellant, which is that minimum mandatory sentences are unconstitutional because they prevent a juvenile offender from receiving individualized sentencing. Although the *St. Val* court did not specifically address the "individualized sentencing" concerns espoused by *Miller*, its holding was clear: non-life minimum mandatories imposed on juvenile offenders are not unconstitutional under *Graham* or *Miller*. *Id.* This holding does not leave any room for Appellant's nuanced argument.

Alternatively, Appellant suggests that *St. Val* was incorrectly decided in light of the Florida Supreme Court's subsequent decision in *Landrum*. Specifically, Appellant argues that the *St. Val* court narrowly viewed *Miller* as limiting its disapproval to mandatory sentencing schemes resulting in life without parole. However, in *Landrum*, the Florida Supreme Court noted "that the *Miller* court had no intention of limiting its rule of requiring individualized sentencing for juvenile offenders only to mandatorily-imposed sentences of life without parole, when a sentencing court's exercise of discretion was not informed by *Miller's* considerations." 192 So. 3d at 467. Thus, Appellant maintains that *St. Val's* interpretation of *Miller* is at odds with *Landrum*.

Appellant's argument on this point also misses the mark. While *Landrum* does clarify that the holding of *Miller* applies to more than just <u>mandatory</u> life sentences without the possibility of parole imposed on a juvenile offender, it does not expand *Miller* to the bounds advocated by Appellant—that is—to *all* sentences imposed on a juvenile offender.

Rather, the *Landrum* court clarified that any <u>life</u> sentence imposed on a juvenile offender, whether mandatory or discretionary, must be informed by the individualized considerations outlined in *Miller*. 192 So. 3d at 469. As explained by the *St. Val* court, a twenty-five year minimum mandatory sentence as imposed on a juvenile offender is not the same as a life sentence. 174 So. 3d at 449–50. Thus, *Landrum* did not alter the holding of *St. Val* and, therefore, it remains that a twenty-five year minimum mandatory sentence "does not violate the stricture of *Graham* or *Miller*." *Id.* at 449.

Additional support for this conclusion can be found in our sister court's decision in *Young v. State*, 219 So. 3d 206 (Fla. 5th DCA 2017). The *Young* court held that a ten-year minimum mandatory sentence imposed on a juvenile offender under the 10-20-Life statute did not violate *Miller* or *Graham*. 219 So. 3d at 209. In line with *St. Val*, the court reasoned that although the minimum mandatory "does limit, to some extent, the discretion of a trial court in sentencing a juvenile offender," such a limitation did not constitute cruel and unusual punishment when the sentence still allowed for "'meaningful opportunity' for early release at a young age." *Id.* at 209–10. The court also rejected the same "individual considerations" argument raised by Appellant here, holding that it was without merit because the juvenile received an individualized sentencing hearing pursuant to section 921.1401(1) wherein the court considered whether a "term of life imprisonment" was an appropriate sentence. *Id.* at 209.

Together, *St. Val* and *Young* establish that a sentence with a non-life minimum mandatory imposed against a juvenile offender facing a potential life sentence does not violate *Graham* or *Miller* so long as the juvenile was afforded an individualized sentencing hearing pursuant to section 921.1401 and is later afforded periodic judicial review of his or her sentence as provided in section 921.1402. Simply put, there is nothing about the 10-20-Life statute's minimum mandatory scheme that divests the court of the authority to consider whether a life sentence is appropriate for a juvenile offender. While it does prevent courts from fashioning sentences less than the applicable minimum mandatory, nothing in *Miller* or *Landrum* require a sentencing court to have absolute discretion in fashioning an unrestricted term of years sentence for a juvenile offender subject to a life sentence. Rather, the law merely requires the sentencing court to consider the offender's individual circumstances when determining "whether life imprisonment or a term of years equal to life imprisonment is an appropriate sentence." § 921.1401(2), Fla. Stat. (2016).

4

Here, the trial court considered the propriety of imposing a life sentence against Appellant at a section 921.1401 hearing wherein Appellant presented individualized evidence "relevant to the offense and the defendant's youth and attendant circumstances." Based on its consideration of this evidence and the relevant factors, the trial court determined that life was not an appropriate sentence for Appellant's homicide offense and instead sentenced him to fifty years in prison. We hold that this inquiry satisfied *Miller's* and *Landrum's* "individualized circumstances" mandates regardless of the minimum mandatory imposed under the 10-20-Life statute and, therefore, affirm Appellant's sentence.

Appellant also argues that section 921.1401 supersedes the 10-20-Life statute as applied to juveniles. We also reject this argument as, by its terms, section 921.1401 does not supersede the 10-20-Life statute. *See Young*, 219 So. 3d at 210–11 (holding that "there is no clear indication that when it enacted the juvenile sentencing laws in 2014, the Florida Legislature intended to affect the [mandatory minimums outlined in the 10-20-Life statute]").

*Affirmed.*

CIKLIN and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**