DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**DOMINIQUE WRIGHT,**
Appellee.

No. 4D18-856

[December 5, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Barry M. Cohen, Judge; L.T. Case No. 2008CF004966BMB.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

The State of Florida appeals from an order on resentencing of a juvenile, in which the trial court declined to impose a mandatory minimum sentence for discharging a firearm, ruling that it would be contrary to individualized consideration required by U.S. Supreme Court cases. The court declared section 775.087, Florida Statutes, the statute requiring a mandatory minimum, unconstitutional as applied to the appellee. In *Martinez v. State*, ___ So. 3d ___, 43 Fla. L. Weekly D2280 (Fla. 4th DCA Oct. 10, 2018), we held that the imposition of mandatory minimum sentences on juveniles does not violate *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012). *See also Young v. State*, 219 So. 3d 206 (Fla. 5th DCA 2017). We thus reverse the trial court's order and appellee's sentence.

In his answer brief, appellee contends that section 921.1401, Florida Statutes, requiring individualized sentencing consideration for juveniles and periodic reviews, supersedes section 775.087, requiring mandatory minimum penalties. We disagree and align ourselves with the reasoning in *Montgomery v. State*, 230 So. 3d 1256 (Fla. 5th DCA 2017), which harmonized the two statutes:

Reading the juvenile sentencing statutes and the 10–20–Life statute *in pari materia*, the following sentencing scheme emerges for nonhomicide juvenile offenders. Under section 775.082(3), the court must provide a nonhomicide juvenile offender, who is convicted of certain serious offenses, an individualized sentencing hearing. If the nonhomicide juvenile offender is sentenced to more than twenty years, the court must provide a judicial review after twenty years, pursuant to section 921.1402(2)(d), to afford him or her a meaningful opportunity to obtain early release. However, if the nonhomicide juvenile offender, in the course of committing certain enumerated felonies, discharged a firearm and as the result of the discharge, inflicted death or great bodily harm, the juvenile must be sentenced to a twenty-five-year mandatory minimum. § 775.087(2), Fla. Stat. (2012). Nonetheless, he or she would still be entitled to a twenty-year statutory review of his or her sentence under section 921.1402(2)(d) with the possibility of early release. *See generally Gridine v. State,* 175 So. 3d 672, 675 (Fla. 2015) (reversing juvenile nonhomicide offender's aggregate seventy-year sentence with twenty-five-year mandatory minimum because it failed to provide defendant with judicial review, and thereby, meaningful opportunity for future release). At that judicial review, after considering the enumerated factors of section 921.1402(6) along with any other factor it deems appropriate to review the juvenile's sentence, the sentencing court is authorized to modify the sentence and impose a term of probation of at least five years if the court determines modification is warranted. § 921.1402(7), Fla. Stat. (2014).

*Id.* at 1262-63.

Thus, after the individualized sentencing proceeding, the trial court is required to impose the mandatory minimum sentence under section 775.087. However, the juvenile is still entitled to review after twenty years, when the sentence may be modified in accordance with the statutory process.

*Reversed and remanded for resentencing.*

GERBER, C.J., WARNER and FORST, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**

2