# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Terrell Artieth Smith, Appellant.

Appellate Case No. 2017-001178

---

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Opinion No. 27928
Heard October 15, 2019 – Filed November 20, 2019

---

**AFFIRMED**

---

Appellate Defender Lara M. Caudy, of Columbia, for
Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney
General W. Jeffrey Young, Deputy Attorney General
Donald J. Zelenka, Senior Assistant Deputy Attorney
General Melody J. Brown, and Assistant Attorney
General Sherrie Butterbaugh, all of Columbia; and
Solicitor Scarlett A. Wilson, of Charleston, for
Respondent.

John H. Blume, of Cornell Law School, of New York,
and Lindsey S. Vann, of Justice 360, of Columbia, for
Amici Curiae, Justice 360 and Cornell Juvenile Justice
Project.

**JUSTICE KITTREDGE:** Four months shy of his eighteenth birthday, petitioner Terrell Smith stabbed his friend Brandon Bennett (the victim) to death and, when the victim's father Darryl Bennett walked in on the stabbing, laughed at Bennett's anguish and attempted to stab Bennett to death as well. Following a jury trial, Smith was convicted and sentenced to thirty-five years' imprisonment for murder and thirty years' imprisonment for attempted murder, the sentences to be run concurrently.[1]

Section 16-3-20(A) of the South Carolina Code (2015) imposes a mandatory minimum sentence of thirty years' imprisonment on those convicted of murder, whether the offender is a juvenile or an adult. Despite receiving a sentence longer than the mandatory minimum, Smith argues the statute is unconstitutional because it places juvenile and adult homicide offenders on equal footing for sentencing purposes, and the Eighth Amendment, as interpreted by the United States Supreme Court (the Supreme Court) in *Miller v. Alabama*,[2] forbids such a result. In accordance with the overwhelming majority of states that have addressed similar arguments, we hold the mandatory minimum sentence imposed by section 16-3-20(A) is constitutional as applied to juveniles and affirm Smith's convictions and sentences.

## I.

On June 11, 2014, at approximately 7:00 a.m., Bennett awoke and walked past the victim's bedroom on the way to the kitchen. The house was quiet, as Bennett and the victim lived there alone,[3] and Bennett observed the victim asleep in his bed.

---

[1] Smith also received a five-year sentence for the possession of a weapon during the commission of a violent crime, which was also to run concurrently with the other two sentences.

[2] 567 U.S. 460 (2012) (holding mandatory life without parole sentences imposed on juvenile offenders convicted of homicide crimes violated the Eighth Amendment's prohibition against cruel and unusual punishment).

[3] The victim was eighteen years old at the time.

After putting out food to later prepare breakfast, Bennett returned to his own room. Several minutes later, Bennett heard loud noises coming from the victim's room and went to investigate.

Upon entering the victim's room, Bennett saw Smith stabbing the victim in his bed and telling the victim, "Didn't I tell you I was going to get you[?]" Bennett ran in to the room and threw Smith off of the victim. Smith then attacked Bennett, stabbing at him unsuccessfully with the knife while Bennett tried to shove the knife away and disarm Smith. The victim attempted to assist Bennett but was too weak from his wounds and collapsed on the floor. Bennett accused Smith of killing his son (the victim), and Smith laughed and said, "I'm going to kill you too motherfucker." Eventually, Bennett was able to disarm Smith, and Smith fled the scene. The victim died from his wounds within minutes. Smith was apprehended shortly thereafter.

Following a jury trial, Smith was convicted of murder, attempted murder, and possession of a weapon during the commission of a violent crime. Because Smith was seventeen at the time of the murder and faced a potential sentence of life without the possibility of parole, he was given an individualized sentencing hearing pursuant to *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572 (2014) (plurality opinion). At the *Aiken* hearing, a mitigation expert testified at length about each of the five factors of youth identified in *Miller* and *Aiken* and how those factors applied to Smith.

Smith also filed a motion requesting the circuit court declare section 16-3-20(A) unconstitutional as applied to juveniles because the statute did not sufficiently allow for an individualized consideration of the unique characteristics of youth, instead applying the same mandatory minimum sentence to juveniles and adults alike. The circuit court summarily denied the motion.

At the conclusion of the *Aiken* hearing, the circuit court summarized the testimony related to each of the five factors and sentenced Smith. Smith appealed, and we certified his appeal from the court of appeals pursuant to Rule 204(b), SCACR.

## II.

Smith argues section 16-3-20(A) is unconstitutional because it treats juvenile and adult homicide offenders equally for sentencing purposes, in that both juveniles and adults are subject to the same mandatory minimum sentence. Smith contends such a result ignores the scientific and constitutional differences between juveniles and adults recognized by the Supreme Court in its juvenile sentencing cases. *See*

*Miller*, 567 U.S. at 471–80; *Graham v. Florida*, 560 U.S. 48, 68–75 (2010); *Roper v. Simmons*, 543 U.S. 551, 569–74 (2005). According to Smith, regardless of the evidence presented at an *Aiken* mitigation hearing, a mandatory minimum sentencing provision destroys the sentencer's ability to craft a lesser sentence if it deems leniency appropriate. Thus, Smith claims mandatory minimum sentences run afoul of the Eighth Amendment and the spirit of the Supreme Court's decision in *Miller*. We disagree.

We recently did an exhaustive analysis of the *Roper-Graham-Miller* trilogy and found we were constrained to narrowly interpret the holdings lest we—as an inferior (i.e., *state*) court—impermissibly broadened the reach of *federal* constitutional protections. *See State v. Slocumb*, 426 S.C. 297, 306–07, 827 S.E.2d 148, 153 (2019) (citing *Arkansas v. Sullivan*, 532 U.S. 769, 772 (2001) (per curiam); *Oregon v. Hass*, 420 U.S. 714, 719 & n.4 (1975)).[4] We are again being asked to ignore the confines of the holdings of the Supreme Court and instead extend the rationale underlying the holdings. As in *Slocumb*, we decline the invitation and leave resolution of the reach of the Eighth Amendment, including any possible extensions, to the Supreme Court. It is clear neither the Eighth Amendment nor *Miller* speaks directly to the issue of the constitutionality of mandatory minimum sentences.[5] In so holding, we join the overwhelming majority of jurisdictions that has found mandatory minimum sentences constitutional under the Eighth Amendment and *Miller*.[6]

---

[4] Similarly, a majority of this Court (albeit not in the lead opinion) narrowly interpreted *Miller*'s holding in *Aiken*. *See Aiken*, 410 S.C. at 545–46, 765 S.E.2d at 578 (Pleicones, J., concurring) ("I agree with the [two dissenting Justices] that *Miller* does not require that we grant relief to juveniles who received discretionary life without the possibility of parole [] sentences, and that the [lead opinion] exceeds the scope of current Eighth Amendment jurisprudence in ordering relief under *Miller* . . . .").

[5] Smith also argues that—in addition to the Eighth Amendment—article I, section 15 of the South Carolina Constitution prohibits mandatory minimum sentences for juvenile offenders. We express no opinion on the applicability of the state constitution to Smith's argument, as he mentions the state constitution only in passing in his brief. *See State v. Jones*, 344 S.C. 48, 58–59, 543 S.E.2d 541, 546 (2001) (declining to address the merits of a party's argument when the argument was conclusory and unsupported by discussion or citation to authority).

[6] *See, e.g.*, *People v. Tate*, 352 P.3d 959, 970 (Colo. 2015); *People v. Davis*, 429

# III.

As the Supreme Court of Delaware concluded, "Now, it may be that the 'evolving standards of decency that mark the progress of a maturing society' will compel the United States Supreme Court to rule someday that the Eighth Amendment prohibits *any* minimum mandatory sentences for juvenile offenders, but *Miller* did not mark that day." *Burrell*, 207 A.3d at 146 (quoting *Miller*, 567 U.S. at 469–70). We therefore find section 16-3-20(A) is constitutional as applied to juveniles and affirm Smith's convictions and sentences.[7]

---

P.3d 82, 93 (Colo. App. 2018), *cert. denied*, No. 18SC848, 2019 WL 670636, at *1 (Colo. Feb. 19, 2019) (en banc); *State v. Taylor G.*, 110 A.3d 338, 345–46 (Conn. 2015); *Burrell v. State*, 207 A.3d 137, 144–45 & nn. 32–37 (Del. 2019) (collecting cases); *James v. United States*, 59 A.3d 1233, 1235 (D.C. 2013); *State v. Michel*, 257 So. 3d 3, 4 (Fla. 2018), *cert. denied*, 139 S. Ct. 1401 (2019); *Martinez v. State*, 256 So. 3d 897, 898–900 (Fla. Dist. Ct. App. 2018); *People v. Reyes*, 63 N.E.3d 884, 889 (Ill. 2016); *People v. Banks*, 36 N.E.3d 432, 439 (Ill. App. Ct. 2015); *State v. Vang*, 847 N.W.2d 248, 262–63 (Minn. 2014); *Commonwealth v. Lawrence*, 99 A.3d 116, 121 (Pa. Super. Ct. 2014); *Lewis v. State*, 428 S.W.3d 860, 863–64 (Tex. Crim. App. 2014); *Shalouei v. State*, 524 S.W.3d 766, 767 (Tex. App. 2017), *cert. denied*, July 31, 2017; *State v. Barbeau*, 883 N.W.2d 520, 532 (Wis. Ct. App. 2016) (collecting cases); *see also State v. Zarate*, 908 N.W.2d 831, 846 (Iowa 2018) (reaching the same result under the state constitution so long as a juvenile offender was given an individualized sentencing hearing, similar to South Carolina's *Aiken* hearings). *But see State v. Link*, 441 P.3d 664, 682 (Or. Ct. App. 2019) (determining the imposition of a mandatory minimum sentence of life *with* the possibility of parole on a juvenile homicide offender without an individualized sentencing hearing was unconstitutional under the Eighth Amendment); *State v. Houston-Sconiers*, 391 P.3d 409, 420 (Wash. 2017) (en banc) (holding a sentencer was required to have complete discretion to sentence a juvenile as it felt appropriate, including below any statutorily-required mandatory minimums).

[7] As we stated in *Slocumb*, the General Assembly has introduced legislation that would update juvenile sentencing practices in South Carolina in the wake of *Roper*, *Graham*, *Miller*, and *Aiken*. We are hopeful the General Assembly will continue to consider the unique difficulties inherent in juvenile sentencing and chart a legislative path forward to address this issue.

**AFFIRMED.**

**BEATTY, C.J., FEW and JAMES, JJ., concur. HEARN, J., concurring in a separate opinion.**

**JUSTICE HEARN:** I concur but write separately based on *Aiken v. Byars* and my dissent in *State v. Slocumb*. While I continue to believe my position in these cases is consistent with the jurisprudence developed by the United States Supreme Court, I wholeheartedly agree with the majority that a mandatory minimum sentence, such as the provision at issue here, does not violate the Eighth Amendment. Rather than ask this Court to require a sentencing hearing on the hallmarks of youth when a juvenile faces the possibility of incarceration for life—something Smith does not do because the trial judge conducted such a thorough hearing—Smith categorically contends mandatory minimum sentences unconstitutionally restrict the trial court's ability to analyze the *Miller* factors. While enabling trial courts to exercise more discretion in juvenile sentencing may be sound policy, I agree with the majority that the United States Supreme Court has not spoken on this issue. Accordingly, I concur.