DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BLANCHARD ST. VAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-3340

[August 5, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy C. Brown, Judge; L.T. Case No. 50-2003-CF-006685-AXXX-MB.

Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant argues that the twenty-five-year minimum mandatory sentence he received for attempted first-degree murder committed when he was seventeen years old violates the Eighth Amendment of the United States Constitution. Appellant argues that a logical and reasonable extension of recent United States Supreme Court decisions warrants the conclusion that a twenty-five-year minimum mandatory sentence constitutes cruel and unusual punishment. We disagree and decline to find that a twenty-five-year minimum mandatory sentence for a non-homicide offense committed when appellant was seventeen violates the Eighth Amendment. We affirm appellant's sentence.

After a jury trial, appellant was convicted of attempted first-degree murder with a firearm, attempted second-degree murder, and two counts of shooting into an occupied vehicle. The evidence at the trial was that appellant, when he was seventeen years old, shot at two people in a car, leaving one victim wounded in the arm and head. Initially, the trial court sentenced appellant to life in prison. After the United States Supreme

Court decided *Graham v. Florida,* 560 U.S. 48 (2010), which held that a life sentence without the possibility of parole for non-homicide offenses committed while a juvenile was unconstitutional, appellant was resentenced. At the resentencing hearing, appellant contended that a minimum mandatory should not apply to juveniles because juveniles are inherently less mature, more prone to impulsive and reckless behavior, and morally less culpable than adults. The trial court sentenced appellant to thirty-seven years in prison with a twenty-five-year minimum mandatory. Appellant appeals the sentence.

We review the constitutionality of a sentence under a de novo standard. *Abrams v. State,* 971 So. 2d 1033, 1035 (Fla. 4th DCA 2008).

Appellant relies on recent United States Supreme Court cases regarding the constitutional boundaries that apply only to juveniles for the purpose of sentencing. The construction of boundaries began with *Roper v. Simmons,* 543 U.S. 551 (2005), where the Court held that the Eighth Amendment prohibited the death penalty for juveniles. Then the Court in *Graham* held that a juvenile could not be sentenced to life without parole for a non-homicide crime, and that consequently the state must give the juvenile offender of a non-homicide crime, sentenced to life without parole, a "meaningful opportunity to obtain release." 560 U.S. at 74-75. Finally, in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), the Court held that a juvenile offender of homicide could not be sentenced to mandatory life without parole without violating the Eighth Amendment prohibition against cruel and unusual punishment.

Appellant wants this court to extend the rationale of these cases to find that the mandatory penalty scheme for which appellant was sentenced violates *Graham* and *Miller,* and thus, the Eighth Amendment. For sure, these cases established the premise "that children are constitutionally different from adults for purposes of sentencing. Because juveniles have diminished culpability and greater prospects for reform," "'they are less deserving of the most severe punishments.'" *Miller,* 132 S. Ct. at 2464 (quoting *Graham,* 560 U.S. at 68).

Although *Miller* looked disapprovingly at mandatory sentencing schemes, it limited its disapproval to those schemes that resulted in sentences of life without parole. "[T]he mandatory penalty schemes at issue here prevent the sentencer from taking account of . . . central considerations. By removing youth from the balance—by subjecting a juvenile to the same life-without-parole sentence applicable to an adult— these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile

2

offender." *Id.* at 2466. *Miller* and *Graham* liken the mandatory sentencing scheme of life without parole when imposed on a juvenile to the death penalty. "Life-without-parole terms, the Court wrote, 'share some characteristics with death sentences that are shared by no other sentences.'" *Id.* (quoting *Graham*, 560 U.S. at 69). Thus, under *Graham* and *Miller*, the minimum mandatory schemes that violate the Eighth Amendment are those sentences like life without parole where the sentencer is effectively deciding that a "juvenile offender forever will be a danger to society" and the court is determining that the offender is "incorrigible." *Id.* at 2465 (quoting *Graham*, 560 U.S. at 72). In *Graham*, the United States Supreme Court determined that a finding of "incorrigibility is inconsistent with youth." *Graham*, 560 U.S. at 73 (citation omitted).

In *Henry v. State*, 40 Fla. L. Weekly S147 (Fla. Mar. 19, 2015), the Florida Supreme Court considered the application of *Graham* where a juvenile was sentenced to a total of ninety years. The court concluded that *Graham* requires juvenile non-homicide offenders be sentenced to prison terms that afford "a meaningful opportunity to obtain future early release during their natural lives based on their demonstrated maturity and rehabilitation." *Id.* at S149. The court held that the constitutional prohibition against cruel and unusual punishment under *Graham* was implicated because the juvenile's sentence would not afford him any "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* (quoting *Graham*, 560 U.S. at 75). The court noted that the "the specific sentence that a juvenile nonhomicide offender receives for committing a given offense is not dispositive as to whether the prohibition against cruel and unusual punishment is implicated." *Id.* The court explained:

> [W]e believe that the *Graham* Court had no intention of limiting its new categorical rule to sentences denominated under the exclusive term of "life in prison." Instead, we have determined that *Graham* applies to ensure that juvenile nonhomicide offenders will not be sentenced to terms of imprisonment without affording them a meaningful opportunity for early release based on a demonstration of maturity and rehabilitation.

*Id.* The court concluded that "the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult." *Id.* (citing

3

*Graham*, 560 U.S. at 70-71). *See also Gridine v. State*, 40 Fla. L. Weekly S149 (Fla. Mar. 19, 2015) (finding non-homicide juvenile offender's seventy-year sentence unconstitutional for the reasons explained in *Henry*). Unlike in *Henry* and *Gridine*, in the present case, appellant's twenty-five-year mandatory minimum sentence does not deny appellant a meaningful opportunity to obtain release.

The minimum mandatory scheme under which appellant was sentenced does not violate the stricture of *Graham* or *Miller*. Although a long and significant sentence, a minimum sentence of twenty-five years would not result in a juvenile being classified as "forever [ ] a danger to society," nor would that result in a finding of the offender being "incorrigible." *Miller*, 132 S. Ct. at 2465 (citation omitted). Clearly a minimum mandatory sentence does not "share some characteristics with death sentences that are shared by no other sentences." *Id.* at 2466 (quoting *Graham*, 560 U.S. at 69). Unlike life without parole and death sentences, appellant's twenty-five-year mandatory minimum sentence is not permanent and affords definite release. *See Cotto v. State*, 141 So. 3d 615, 619 (Fla. 4th DCA 2014) ("What *Miller* and *Graham* require is a sentencing scheme that allows the court to consider a juvenile's suitability for rehabilitation and a possibility for release.").

We note that appellant does not challenge his sentence to thirty-seven years; rather, he challenges only the twenty-five-year mandatory minimum portion of this sentence. We also note that in response to *Graham* and *Miller*, effective July 1, 2014, the Florida Legislature enacted legislation providing for mandatory review of a juvenile's sentence after twenty-five years. § 921.1402(2)(a), (b), Fla. Stat. Obviously, appellant's twenty-five-year mandatory minimum sentence is in conformance with that statute.

In sum, we conclude that a twenty-five-year minimum mandatory sentence is unlike a life without parole sentence where the juvenile offender does not have a "meaningful opportunity" for early release and therefore not under the strictures of *Graham* and *Miller*. Accordingly, we affirm appellant's sentence.

*Affirmed.*

WARNER and CONNER, JJ., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***

4