DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN CUTTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2547

[July 5, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 471995CF000138B.

Robert I. Barrar of Robert I. Barrar, P.A., Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant, who was a juvenile when he committed murder, appeals his life sentence, entered upon resentencing pursuant to *Falcon v. State*, 162 So. 3d 954, 963-64 (Fla. 2015). He contends that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. In formulating his sentence, the trial court made express findings in accordance with section 921.1401, Florida Statutes (2016), and we affirm. We remand, however, for the trial court to reduce to writing its reasons for the sentence.

Appellant Kevin Cutts was charged by indictment with first degree murder and armed burglary with assault. He was a juvenile at the time of the offense but was prosecuted as an adult. He pled guilty to murder and to burglary, and was initially sentenced to life in prison without parole in 1997.

In 2015, appellant filed a motion for post-conviction relief and to correct illegal sentence, arguing that a life sentence without the possibility of parole for a juvenile was unconstitutional. *See Miller v. Alabama,* 567 U.S.

460 (2012). The State conceded that appellant was entitled to a new sentencing hearing as a matter of law. The court granted appellant a resentencing hearing. The court conducted a full hearing, at which multiple witnesses testified on behalf of appellant. Appellant testified to his rehabilitation in prison. He also expressed remorse and apologized to the victim's family.

After hearing the evidence, the court vacated the prior sentences, restated the criteria of section 921.1401, Florida Statutes, and made findings on those criteria. Given the particularly heinous nature of the murder as well as the heightened premeditation, the court sentenced appellant to life in prison for the murder with review after twenty-five years, and to twenty-four consecutive years for the burglary. He appeals his new sentence.

Appellant contends that his aggregate sentence is unconstitutional as a lengthy term sentence, contrary to *Miller* and *Graham v. Florida*, 560 U.S. 48 (2010). Specifically, appellant argues that this Court should adopt Iowa's definition of "lengthy term sentences," as set forth in *State v. Pearson*, 836 N.W.2d 88 (Iowa 2013). In *Pearson*, the Iowa court held that a thirty-five year sentence without the possibility of parole violated the "core teachings of *Miller*." *Id.* at 96.

The Florida Legislature, however, developed in sections 921.1401-.1402, Florida Statutes, a different method of dealing with sentencing juveniles for serious crimes. It provided for review of lengthy sentences at set time periods so that a court could determine whether release was appropriate after a consideration of various relevant factors. The Florida Supreme Court approved the retroactive use of the statute for juveniles sentenced to lengthy prison sentences prior to its enactment in *Horsley v. State*, 160 So. 3d 393, 394-95 (Fla. 2015). Thus, we reject any application of *Pearson* to juvenile sentencing in Florida.

In *Falcon*, the Florida Supreme Court applied the statute under similar circumstances as are present in this case. *Falcon*, 162 So. 3d at 957-58. The court explained the sentence, stating, "If the trial court determines that Falcon 'actually killed, intended to kill, or attempted to kill the victim,' then Falcon must receive a sentence of at least forty years' imprisonment, with subsequent judicial review of her sentence after having served twenty-five years of that sentence." *Id.* at 963. In this case, the trial court has already made that determination and provided for review in twenty-five years. Nevertheless, the minimum sentence where there is an actual intent to kill is forty years.

2

We do agree, and the State concedes, that the trial court erred in failing to make written findings regarding the sentence. Those findings are required by section 775.082(1)(b)3., Florida Statutes (2016). While the trial court made all the findings on the record, a written sentencing order with the findings must be entered. We remand for the trial court to provide written findings.

*Affirmed and remanded for written findings.*

DAMOORGIAN and FORST, JJ., concur.

\*         \*         \*

***Not final until disposition of timely filed motion for rehearing.***