IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRYAN THOMAS ROBINSON,

   Appellant,

 v.             Case No. 5D16-4227

STATE OF FLORIDA,

   Appellee.

_____/

Opinion filed July 20, 2018

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Glendon George Gordon, Jr., Assistant
Public Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


PER CURIAM.

  Bryan Thomas Robinson was charged by indictment with the first-degree premeditated murder of Stephen Gorney (Count One), robbery with a deadly weapon (Count Two), and dealing in stolen property (Counts Three and Four). Robinson was under the age of eighteen at the time of the offense. He was tried jointly with his

codefendant, Tyzick Joseph Wall, before a jury. Robinson was found guilty as charged on all four counts. He was sentenced to concurrent life terms on Counts One and Two and to two consecutive fifteen-year terms on Counts Three and Four. Robinson was also ordered to pay, among other costs, $200 in prosecution and investigative costs, $300 in public defender costs and fees, and the $50 public defender application fee. Separately, the State Attorney's Office for the Fifth Judicial Circuit was awarded $5736.40 in restitution for additional prosecution costs incurred for trial witness travel expenses and expert witness fees.

We affirm Robinson's convictions and sentences on all counts without further discussion.[1] However, we reverse the restitution order that awarded the State Attorney's Office $5736.40 and remand for the inclusion of this amount in the costs order in addition to the existing $200 line item for prosecution and investigative costs. See §§ 775.089(1)(c)1., 938.27(8), Fla. Stat. (2015). We also reverse the inclusion of public defender fees and costs in the cost order in excess of $100 in public defender fees and costs and the $50 application fee because documentation supporting a greater amount is not present in the record. See §§ 27.52(1)(b), 938.29(1)(a), Fla. Stat. (2015); Alexis v. State, 211 So. 3d 81, 83 (Fla. 4th DCA 2017); Simmons v. State, 24 So. 3d 636, 638 (Fla. 2d DCA 2009). We remand with instructions that public defender fees and costs be reduced to $100 and the $50 application fee or to hold a hearing with notice to obtain

---

[1] We reject Robinson's argument that he is entitled to be resentenced on Count One pursuant to Williams v. State, 242 So. 3d 280, 288-89 (Fla. 2018) (citing Alleyne v. United States, 570 U.S. 99, 115 (2013)). Unlike the situation in Williams, Robinson was only charged with first-degree premeditated murder, and so the jury's guilty verdict contains an inherent unambiguous finding of intent to kill.

evidence from the public defender supporting the $300 public defender fee and cost award.  See §§ 27.52(1)(b), 938.29(1)(a), Fla. Stat. (2015); <u>Alexis</u>, 211 So. 3d at 83.

AFFIRMED, in part; REVERSED, in part; and REMANDED with instructions.

SAWAYA, BERGER and EISNAUGLE, JJ., concur.