DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**EDWARD WESBY,**
Appellee.

No. 4D16-4246

[January 9, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 76-1925 CF10C.

Ashley Brooke Moody, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

The State appeals an order granting the defendant's motion to correct an illegal sentence. We reverse. Because the defendant is eligible for parole, his sentence is not unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012), or *Graham v. Florida*, 560 U.S. 48 (2010). *See Franklin v. State,* 43 Fla. L. Weekly S556 (Fla. Nov. 8, 2018). He is not therefore entitled to resentencing under section 921.1402, Florida Statutes.

In *State v. Michel*, 43 Fla. L. Weekly S298, S299 (Fla. July 12, 2018), and *Franklin,* 43 Fla. L. Weekly at S556, the Florida Supreme Court receded from *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016). The defendant argues *Michel* does not create binding precedent because only three justices joined in Justice Polston's opinion and Justice Lewis concurred only in the result. *Michel*, 43 Fla. L. Weekly at S300. However, four justices joined the majority in *Franklin,* which recognized that *Atwell* is no longer good law and "improperly applied *Graham* and *Miller.*" *Franklin*, 43 Fla. L. Weekly at S557.

*Reversed.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

\*    \*    \*

***Not final until disposition of timely filed motion for rehearing.***