DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEVIN NELMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3089

[ January 23, 2019 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Charles E. Burton, Judge; L.T. Case No. 84CF000304B.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Kevin Nelms was convicted of first-degree murder in 1985 for a crime he committed as a juvenile. He was originally sentenced to life in prison with the possibility of parole after twenty-five years, but after postconviction proceedings, he was resentenced to life in prison with judicial review after twenty-five years. He now appeals the new sentence imposed at resentencing. We affirm.

In August 2016, Nelms filed a motion for postconviction relief requesting a resentencing hearing based on *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that the Eighth Amendment is violated when a court imposes on a juvenile homicide offender a mandatory sentence of life in prison without the possibility of parole), and *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016) (holding that under Florida's existing parole system, a sentence of life with the possibility of parole after twenty-five years is indistinguishable from a life without parole sentence because Florida's parole system does not provide for individualized consideration of a

juvenile's status at the time of the offense).[1]

After granting the postconviction motion, the trial court held a two-day hearing, during which the court heard testimony from numerous state witnesses regarding the heinous nature of the murder and from multiple defense witnesses regarding Nelms' rehabilitation in prison. At the end of the hearing, the court resentenced Nelms to life in prison, with judicial review after twenty-five years, pursuant to chapter 2014-220, Laws of Florida, as codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. The court's order noted that Nelms could be paroled prior to the date of the scheduled judicial review.

On appeal, Nelms argues that his new sentence violates the Eighth Amendment as established in *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), because it does not afford him a meaningful opportunity for release and because the trial court did not find that he was incorrigible or irredeemably corrupt to support the imposition of a life sentence.

We review the constitutionality of a sentence de novo. *St. Val v. State*, 174 So. 3d 447, 448 (Fla. 4th DCA 2015).

The Eighth Amendment's ban against cruel and unusual punishment is implicated under *Graham* "when a juvenile nonhomicide offender's sentence does not afford any 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation,'" because "the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult." *Henry v. State*, 175 So. 3d 675, 679–80 (Fla. 2015) (citing *Graham*, 560 U.S. at 70–71, 75).

Under *Miller*, a violation occurs when a court imposes on a juvenile offender a mandatory sentence of life in prison without the possibility of parole in a homicide case. *Horsley v. State*, 160 So. 3d 393, 399 (Fla. 2015) (citing *Miller*, 567 U.S. at 489). "The opportunity for release will be afforded to those who demonstrate the truth of *Miller*'s central intuition— that children who commit even heinous crimes are capable of change." *Montgomery*, 136 S. Ct. at 736. However, *Miller* does not absolutely foreclose a court from imposing a life sentence in a juvenile homicide case.

---

[1] However, as will be discussed in this opinion, *Atwell* was later abrogated in *State v. Michel*, 43 Fla. L. Weekly S298 (Fla. July 12, 2018).

*Horsley*, 160 So. 3d at 398–99 (citing *Miller*, 567 U.S. at 479–80 & n.8). Instead, *Miller* requires the court to first consider the juvenile offender's "youth and attendant characteristics" before imposing the uncommon sentence of life without parole, which is reserved for only the "rare" juvenile offender "whose crime reflects irreparable corruption." *Horsley*, 160 So. 3d at 399 (quoting *Miller*, 567 U.S. at 479–80, 483).

It is settled that resentencing in accordance with chapter 2014-220, Laws of Florida, is the appropriate remedy for a sentence that violates *Miller*. *See Horsley*, 160 So. 3d at 405 (concluding that "applying chapter 2014–220, Laws of Florida, to all juvenile offenders whose sentences are unconstitutional under *Miller* is the appropriate remedy"). Here, after the court found that Nelms' 1985 sentence violated *Miller* based on *Atwell*, the remedy was to resentence him pursuant to chapter 2014-220, which the court did. Nelms' new sentence was not a life sentence without the possibility of parole or without an opportunity for release based on maturation and rehabilitation, which places this case outside the apparent boundaries of *Graham*, *Miller*, and *Montgomery*. In addition, because the resentencing court did not impose the uncommon sentence of life without parole, the court did not need to find that Nelms was the rare juvenile whose crime reflects incorrigibility or irreparable corruption. Nelms was sentenced to life in prison with judicial review after twenty-five years, in accordance with chapter 2014-220. Because such a sentence offers an opportunity for release and cannot be found to be tantamount to a sentence of life in prison without the possibility of parole, Nelms' sentence does not violate *Graham*, *Miller*, and similar cases.

We recently affirmed a defendant's life sentence imposed after the court granted him a resentencing hearing and provided for judicial review in twenty-five years. *See Cutts v. State*, 225 So. 3d 244 (Fla. 4th DCA 2017). In *Cutts*, the defendant was initially sentenced in 1997 to life without parole for first-degree murder. *Id.* at 245. He moved for resentencing in light of *Miller*, and the state conceded that he was entitled to a new sentencing hearing as a matter of law. *Id.* After granting the defendant a new sentencing hearing pursuant to *Miller*, the trial court held a hearing wherein it considered witnesses' testimony on the defendant's behalf, the defendant's remorse, and the criteria set out in section 921.1401, Florida Statutes, before imposing the new sentence of life in prison with review after twenty-five years. *Id.* On appeal, the defendant argued that his new sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment. *Id.* at 244. We disagreed and affirmed the new sentence, noting that the trial court had made express findings in accordance with section 921.1401. *Id.* However, we remanded for the trial court to include those findings in the written sentencing order. *Id.* at 244–

45.

Similarly, we affirm Nelms' life sentence with review after twenty-five years, which was imposed upon resentencing. Here, in addition to considering witnesses' testimony and Nelms' remorse, the resentencing court considered the criteria set forth in section 921.1401, Florida Statutes, made express findings, and reduced those findings to writing in its resentencing order, as required by section 775.082(1)(b)3., Florida Statutes.

We further note that Nelms' reliance on *Atwell* is misplaced. Recently, the Florida Supreme Court held that a juvenile offender's sentence of life with the possibility of parole after twenty-five years does not violate the Eighth Amendment as described in *Graham* and *Miller*, and thus, a juvenile offender who receives such a sentence is not entitled to resentencing under section 921.1402, Florida Statutes. *State v. Michel*, 43 Fla. L. Weekly S298 (Fla. July 12, 2018). In so ruling, the *Michel* court departed from in its earlier *Atwell* decision, which had held that the juvenile's sentence of life with the possibility of parole was tantamount to a life without parole sentence under Florida's parole system, which failed to account for individualized sentencing considerations required for juvenile offenders. *Atwell*, 197 So. 3d at 1041. As a result, even Nelms' seemingly more stringent initial sentence of life with the possibility of parole after twenty-five years would not now be considered a violation of *Miller* that would require resentencing under chapter 2014-220.

Accordingly, we hold that Nelms' current sentence does not violate either *Graham* or *Miller* and affirm his life sentence with judicial review after twenty-five years.

*Affirmed.*

TAYLOR, CIKLIN and CONNER, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**

4