IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 26, 2019

LABRONX BAILEY,                       )
                                      )
            Appellant,                )
                                      )
v.                                    )        Case No. 2D17-23
                                      )
STATE OF FLORIDA,                     )
                                      )
            Appellee.                 )
_____)


BY ORDER OF THE COURT:


        The appellant's motion for rehearing is granted.  The opinion dated March

22, 2019, is withdrawn, and the following opinion is substituted therefor.  The disposition

remains the same.  No further motions for rehearing will be entertained.


HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LABRONX BAILEY,                     )
                                    )
            Appellant,              )
                                    )
v.                                  )          Case No. 2D17-23
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____ )

Opinion filed June 26, 2019.

Appeal from the Circuit Court for
Hillsborough County; Emmett Battles,
Judge.

Dane K. Chase of Chase Law
Florida, P.A., Saint Petersburg,
for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kiersten E. Jensen,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

          Labronx Bailey appeals his sentence of fifty years in prison for the offense

of first-degree murder committed when he was a juvenile.  He was convicted after a jury

trial in 2009 and originally sentenced to a mandatory life sentence.  After the Supreme

Court ruled that such a sentence is unconstitutional, see Miller v. Alabama, 567 U.S. 460 (2012), in 2015 the trial court granted a new sentencing hearing to determine if a life sentence is appropriate under the new individualized sentencing procedure set forth in section 921.1401, Florida Statutes (2014).[1] See Falcon v. State, 162 So. 3d 954 (Fla. 2015) (holding that Miller applies retroactively), receded from on other grounds by Williams v. State, 242 So. 3d 280 (Fla. 2018); Horsley v. State, 160 So. 3d 393, 395 (Fla. 2015) (holding that the 2014 version of section 775.082(1)(b)(1) applies retroactively "to all juvenile offenders whose sentences are unconstitutional under Miller"). The trial court held a new sentencing hearing in 2016, after which the trial court determined that a life sentence is not appropriate. But the trial court found that Bailey intended to kill the victim and accordingly imposed a fifty-year sentence with review after twenty-five years as set forth in sections 775.082(1)(b)(1) and 921.1402(2)(a), Florida Statutes (2014). The trial court also imposed a twenty-year minimum mandatory term for discharging a firearm as required by the 10-20-Life statute, section 775.087, Florida Statutes (2007).[2] Bailey raises several challenges to his sentence; we affirm for the reasons explained below.

_____

[1]In 2014, the legislature responded to Miller by amending section 775.082 and enacting sections 921.1401 and 921.1402. Ch. 2014-220, §§ 1-3, Laws of Fla. (effective July 1, 2014).

[2]We note that the trial court further imposed a "minimum mandatory" term of forty years in prison under section 775.082(1)(b)(1), reflected on Bailey's written sentence as "40YR MIN/MAN UNDER FS#775.082(1B1)." Section 775.082(1)(b)(1) provides that when a trial court determines that life imprisonment is not appropriate, it shall sentence the defendant to a term of imprisonment "of at least 40 years." We do not address whether section 775.082(1)(b)(1) authorizes the imposition of a forty-year term that may be read as requiring Bailey to serve forty years day for day because Bailey has not raised this issue on appeal. For purposes of addressing the issues raised by Bailey in this opinion, we refer to the forty-year term in section 775.082(1)(b)(1) as a "minimum sentence."

On appeal, Bailey first argues that the trial court erred in imposing sentence under section 775.082(1)(b)(1), which provides for a forty-year minimum sentence with review after twenty-five years if the trial court finds that the juvenile had an intent to kill. Bailey argues that the ground for enhancement was not charged in the indictment and that it could not have been charged in the indictment because the statutory enhancement did not exist at the time, thus preventing application of the statutory enhancement to him. He also contends that the ground for enhancement was not found by the jury. For these reasons, he argues that he could not receive enhanced sentencing under the 2014 version of section 775.082(1)(b)(1).

Bailey was resentenced under the 2014 version of section 775.082(1)(b)(1), which provides as follows:

> A person who actually killed, intended to kill, or attempted to kill the victim and who is convicted under s. 782.04 of a capital felony, or an offense that was reclassified as a capital felony, which was committed before the person attained 18 years of age shall be punished by a term of imprisonment for life if, after a sentencing hearing conducted by the court in accordance with s. 921.1401, the court finds that life imprisonment is an appropriate sentence. If the court finds that life imprisonment is not an appropriate sentence, such person shall be punished by a term of imprisonment of at least 40 years. A person sentenced pursuant to this subparagraph is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(a).

(Emphasis added.) Section 921.1402(2)(a) provides for a "review of his or her sentence after 25 years" unless the defendant has been convicted of an enumerated offense during a separate criminal transaction or episode.

As for Bailey's claim that the statutory enhancement did not exist at the time of his indictment, the Florida Supreme Court holds that the 2014 version of section

775.082(1)(b)(1) applies retroactively "to all juvenile offenders whose sentences are unconstitutional under Miller." Horsley, 160 So. 3d at 395. Furthermore, Bailey was charged in the indictment with killing the victim "with a premeditated design to effect the death of" the victim. Thus, the ground for enhancement—the element of intent necessary to support a sentence under section 775.082(1)(b)(1)—was charged in the charging document. See Rogers v. State, 875 So. 2d 769, 771 (Fla. 2d DCA 2004) ("The grounds for enhancement of a sentence must be charged in the information."); cf. Whitehead v. State, 884 So. 2d 139, 140 (Fla. 2d DCA 2004) (holding that defendant's sentence could not be enhanced based on a jury finding that he *discharged* a firearm where charging document only charged that he *used* a firearm).

In addition, the jury specifically found Bailey guilty of first-degree premeditated murder. See § 782.04(1)(a)(1), Fla. Stat. (2007). Therefore, the finding of intent to kill was "inherent" in the guilty verdict. See Williams, 242 So. 3d at 289 (holding that general verdict of first-degree murder did not constitute a jury finding of intent that would support a sentence under section 775.082(1)(b)(1) but recognizing that "a finding of intent to kill would have been inherent in a guilty verdict as to first-degree premeditated murder"); see also Robinson v. State, 256 So. 3d 217, 218 n.1 (Fla. 5th DCA 2018) (rejecting similar challenge to defendant's sentence because he was charged only with first-degree premeditated murder and "so the jury's guilty verdict contain[ed] an inherent unambiguous finding of intent to kill"). The jury was instructed on a principal theory, and the jury found Bailey guilty of first-degree premeditated murder. See Williams, 242 So. 3d at 289 (recognizing that the finding of intent would be inherent in verdict of first-degree premeditated murder "whether [the defendant] actually

killed [the victim] or was a principal"); Fla. Std. Jury Instr. (Crim.) 3.5(a) ("If the defendant helped another person or persons [commit] [attempt to commit] a crime, the defendant is a principal and must be treated as if [he] [she] had done all the things the other person or persons did . . . ."). Thus, the necessary intent to kill was found by a jury, and Bailey's sentence does not run afoul of Alleyne v. United States, 570 U.S. 99, 108 (2013), which requires that "[f]acts that increase the mandatory minimum sentence . . . be submitted to the jury and found beyond a reasonable doubt." Because the 2014 version of section 775.082(1)(b)(1) applies retroactively to Bailey and the ground for enhancement was charged in the indictment and found by the jury, we reject Bailey's first challenge to his sentence.

In his second point on appeal, Bailey argues that the forty-year minimum sentence in section 775.082(1)(b)(1) is unconstitutional for the same reasons set forth in Miller. He claims that the statute takes away the discretion of the trial court and requires the trial court to impose a certain sentence, despite the Supreme Court's directive that juveniles are entitled to individualized sentencing hearings.

In Miller, the Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. "[A] judge or jury must have the opportunity to consider mitigating circumstances before the imposing the harshest possible penalty for juveniles." Id. at 489. The Court relied on precedent that had "establish[ed] that children are constitutionally different from adults for purposes of sentencing." Id. at 471. The Court held that a trial court may sentence a juvenile homicide offender to life in prison without the possibility of parole but only after it "take[s] into account how children are different[]

and how those differences counsel against irrevocably sentencing [him or her] to a lifetime in prison." Id. at 480.

The Miller decision focused on juveniles receiving mandatory sentences of life without parole, which the Court repeatedly referred to as the "harshest" or "most severe" of sentences, akin to the death penalty. Miller, 567 U.S. at 472, 474, 477, 479, 489; see St. Val v. State, 174 So. 3d 447, 448 (Fla. 4th DCA 2015) ("Although Miller looked disapprovingly at mandatory sentencing schemes, it limited its disapproval to those schemes that resulted in sentences of life without parole."). When imposed on a juvenile, the minimum sentence of forty years required by section 775.082(1)(b)(1) is not comparable to mandatory life in prison or the death penalty. And Bailey will be in his early forties when he receives review of his sentence after twenty-five years, and an opportunity for early release, under sections 775.082(1)(b)(1) and 921.1402(2).[3] The

---

[3]In Montgomery v. State, 230 So. 3d 1256, 1262 (Fla. 5th DCA 2017), the court discussed the interplay between the minimum term in section 775.082(1)(b)(1) and the mandatory judicial review of a juvenile's sentence after twenty-five years:

> [T]he juvenile sentencing statutes contemplate the modification of any sentence after the mandated judicial review. For example, under section 775.082(1)(b)1., a sentencing court is required to impose a minimum sentence of forty years to life imprisonment with a twenty-five-year judicial review (as long as the juvenile was not previously convicted of a separate criminal offense) when sentencing a juvenile convicted of a capital offense with an actual intent to kill. The forty-year minimum sentence notwithstanding, if the court determines at a sentence review hearing twenty-five years later that the juvenile offender has been rehabilitated and is reasonably believed to be fit to reenter society, the court is authorized to modify the sentence by releasing the juvenile based on maturity and rehabilitation but must impose a term of probation of at least five years. § 921.1402(7), Fla. Stat. (2014). This is still true even though section 944.275(4)(f), Florida Statutes (2014), which mandates prisoners to serve at least eighty-five percent of

Miller holding does not extend to Bailey's sentence imposed pursuant to section 775.082(1)(b)(1), where he received the individualized sentencing hearing required by Miller (codified in section 921.1401(1)) and where he will receive a review of his sentence after twenty-five years. See Martinez v. State, 256 So. 3d 897, 900 (Fla. 4th DCA 2018) (rejecting claim that twenty-five-year minimum mandatory term under the 10-20-Life statute is unconstitutional; "a sentence with a non-life minimum mandatory imposed against a juvenile offender facing a potential life sentence does not violate . . . Miller so long as the juvenile was afforded an individualized sentencing hearing pursuant to section 921.1401 and is later afforded periodic judicial review of his or her sentence as provided in section 921.1402"); Montgomery v. State, 230 So. 3d 1256, 1263 (Fla. 5th DCA 2017) (holding that "the mandatory twenty-five-year minimum sentence [imposed pursuant to 10-20-Life statute] does not constitute cruel and unusual punishment when applied to a juvenile offender as long as he or she gets the mandated judicial review" required under section 921.1402); St. Val, 174 So. 3d at 450 (holding that "[u]nlike life without parole and death sentences, appellant's twenty-five-year mandatory minimum sentence is not permanent and affords definite release" and is thus constitutional).

Last, Bailey argues that he is entitled to a new sentencing hearing because the record does not reflect that the trial court considered the statutory factors set forth for individualized sentencing of a juvenile under section 921.1401(2)(a) through

_____

the sentence imposed, would require the juvenile offender to serve a minimum of thirty-four years. Nonetheless, the juvenile offender would be entitled to a judicial review and possible release in twenty-five years.

(j).  He contends that the statute and Miller make clear that the trial court is required to consider the factors as they relate to Bailey's circumstances.

Section 775.082(1)(b)(3) provides that "[t]he court shall make a written finding as to whether a person is eligible for a sentence review hearing under s. 921.1402(2)(a) or (c).  Such a finding shall be based upon whether the person actually killed, intended to kill, or attempted to kill the victim."  See Cutts v. State, 225 So. 3d 244, 245 (Fla. 4th DCA 2017) (holding that trial court erred in failing to make written findings that are required by section 775.082(1)(b)(3)).  Section 921.1401(2), on the other hand, states that the trial court shall consider factors (a) through (j) in determining whether a life sentence is appropriate, but it does not require the trial court to make specific findings regarding those factors.  Cf. Cutts, 225 So. 3d at 245; Barber v. State, 207 So. 3d 379, 384 (Fla. 5th DCA 2016) (holding that findings are required where statute expressly provides that court shall make written findings if it determines that a felony offender of special concern has committed a violation of probation); Knott v. State, 190 So. 3d 222, 222 (Fla. 4th DCA 2016) (holding that findings are required where statute, section 775.082(10), requires court to make written findings that a nonstate prison sanction would present a danger to the public).

And Miller itself does not mandate a sentencing scheme that requires a trial court to make certain findings.  Rather, Miller prohibits a "sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders," and it requires a sentencing scheme "to take into account how children are different."  567 U.S. at 479-80.  The legislature cured the Miller problem by adopting a sentencing scheme that no longer mandates life in prison for juveniles.

Further, it is clear from the trial court's statements that the trial court considered the factors:

> Florida statute 921.1401 provides a nonexhaustive list of factors for the sentencing court to take into consideration in determining whether a life sentence is appropriate. And the Court has consulted the statute and each of those factors and listened carefully to counsel and the witnesses as they addressed those today.
>
> . . . .
>
> I'm mindful of these factors.

The trial court specifically referenced two factors, the nature and circumstances of the offense, see § 921.1401(2)(a), and the defendant's prior criminal history, see § 921.1401(2)(h), before stating that "life imprisonment is not an appropriate sentence based upon consideration of those factors." The trial court complied with the mandates of section 921.1401 and Miller.

For these reasons, we affirm Bailey's amended sentence.

Affirmed.

BADALAMENTI and ATKINSON, JJ., Concur.