DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BROOKS JOHN BELLAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3866

[July 10, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 431980CF000430A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Brooks Bellay appeals his life sentence, imposed following a resentencing hearing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and section 921.1401, Florida Statutes (2017). Appellant argues that his life sentence is an unconstitutional cruel and unusual punishment because "the evidence did not establish that he was permanently incorrigible." Appellant also maintains that he was entitled to elect to be resentenced under the 1983 sentencing guidelines. We find that Appellant's sentence is constitutional, and that Appellant was sentenced under the proper law. As discussed below, we affirm.

**Background**

In 1979, a four-year-old girl was reported missing. A search commenced, in which Appellant, then fourteen years old, participated as a volunteer. Eventually, the child was found dead, naked, and partially covered in blood in a wooded area near her home. The autopsy revealed that "the cause of death [was] blunt trauma to the abdomen leading to

exsanguination. The four year old child had a lacerated liver, fractured ribs, and a contusion to her sternal area. Very significant force produced these injuries."

Appellant ultimately admitted to killing the child. He was initially charged with first-degree murder. Following negotiations with the State, Appellant waived his right to request a youthful offender sentence, and the State dropped the first-degree murder charge in return for the Appellant pleading guilty to second-degree murder. Per the "open plea," the determination of the sentence was left to the trial court; it sentenced Appellant to life imprisonment.

Following the United States Supreme Court's opinion in *Miller* and the subsequent enactment of section 921.1401, Florida Statutes, Appellant filed a motion for postconviction relief, contending that his life sentence as a juvenile offender violated the Eighth Amendment of the U.S. Constitution and that, per *Miller* and section 921.1401, he was entitled to an individualized resentencing hearing. With the State's consent, a resentencing hearing was scheduled.[1]

Prior to that hearing, defense counsel filed a motion asking for Appellant to be sentenced as a Youthful Offender or under the 1983 sentencing guidelines. The trial court denied both requests.[2]

At the resentencing hearing, the State focused on the disturbing nature of the offense, and the substantial impact that the abduction, search, and murder had upon the victim's family and community.

The defense pointed to Appellant's family life and purported remorse at the time of the crime. The defense's primary focus, however, was on Appellant's transformation while incarcerated. The defense argued that, in 1997, Appellant commenced meaningful participation in a religious

---

[1] At the time of Appellant's resentencing hearing, *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016), entitled Appellant to resentencing even though his life sentence included the possibility of parole. Today, *Atwell* is no longer good law. *See Franklin v. State*, 258 So. 3d 1239, 1240 (Fla. 2018); *State v. Wesby*, 262 So. 3d 818 (Fla. 4th DCA 2019)*; see also Nelms v. State*, 263 So. 3d 88, 91 (Fla. 4th DCA 2019) (concluding that the defendant's new sentence was properly imposed pursuant to *Miller* and *Atwell*, while recognizing that the defendant's original sentence (which offered the possibility of parole) would not now be considered a violation of *Miller*).

[2] Appellant does not challenge the trial court's ruling with respect to the request for youthful offender sentencing (the denial of which was premised on Appellant's affirmative waiver at the time of the plea).

2

program that his witnesses claim resulted in a "spiritual transformation," leading to his becoming, in the words of his classification officer, "the perfect inmate."

The court issued a written resentencing order following the hearing. The order first discussed *Miller*, noting that the Court's opinion

> acknowledged that a sentencing court might encounter the "rare juvenile offender" for whom rehabilitation is impossible and life without parole is justified.  Further, even if a court considers a child's age before sentencing him or her to a lifetime in prison that sentence still violates the Eighth Amendment for a child whose crime reflects "unfortunate yet transient immaturity."  Life without parole should only be imposed on juvenile offenders whose crimes reflect permanent incorrigibility and irreparable corruption.

The trial court's order next detailed its consideration of "all" of the sentencing factors set forth in section 921.1401.  The court first stated that "[t]o say this crime is horrific is an understatement.  It is one of the most heinous crimes that has ever occurred in the history of this jurisdiction . . . ."  The order then discusses Appellant's behavior immediately before and after the "shockingly evil" murder; witness characterizations of Appellant during this time frame; circumstances surrounding the murder; and Appellant's behavior in prison (both before and after the 1997 "spiritual transformation").  Concluding that "there is no doubt whatsoever that this Defendant is the rare juvenile offender who exhibits such permanent incorrigibility and irreparable corruption that rehabilitation is impossible and a life sentence without meaningful parole is justified," the trial court resentenced Appellant to life in prison.

The court also found that, for statutory purposes relating to entitlement to sentence review, Appellant "is a person who actually killed and intended to kill the victim" and that the crime was committed while Appellant was a juvenile.  The court thus determined that Appellant is currently "eligible for sentence review."  The appeal of the resentencing order is before us.

**Analysis**

We review the constitutionality of a sentence de novo.  *Nelms*, 263 So. 3d at 90 (citing *St. Val v. State*, 174 So. 3d 447, 448 (Fla. 4th DCA 2015)).

Under the Supreme Court's decision in *Miller*, the Eighth Amendment's prohibition on cruel and unusual punishment is violated when a

sentencing scheme mandates a sentence of life in prison without the possibility of parole for a juvenile offender. *Miller*, 567 U.S. at 465. However, *Miller* is not a per se prohibition on imposing a life without parole sentence. *Nelms*, 263 So. 3d at 90 (citing *Horsley v. State*, 160 So. 3d 393 (Fla. 2015)). Rather, *Miller* requires the court to first consider the juvenile offender's "youth and attendant characteristics" before imposing such a sentence. *Miller*, 567 U.S. at 483.

The Florida Supreme Court later expanded *Miller* and applied it to a discretionary sentencing scheme "when the sentencing court, in exercising that discretion, was not required to, and did not 'take into account how children are different and how those differences counsel against irrevocably sentencing them to a lifetime in prison.'" *Landrum v. State*, 192 So. 3d 459, 460 (Fla. 2016) (quoting *Miller*, 567 U.S. at 480).

In response to *Miller* and *Graham v. Florida*, 560 U.S. 48, 75 (2010), which preclude life without parole sentences for juvenile non-homicide offenders, the Florida Legislature adopted a new juvenile offender sentencing scheme in chapter 2014-220, Laws of Florida (effective for offenses committed by a juvenile offender after July 1, 2014). The new sentencing provisions are codified in sections 775.082, 921.1401, and 921.1402 of the Florida Statutes. *See Nelms*, 263 So. 3d at 89. Specifically, section 775.082 was amended to provide the statutory penalties for juvenile offenders; section 921.1401 was created to set forth procedures for individualized sentencing hearings to determine whether a juvenile offender should be sentenced to life imprisonment; and section 921.1402 was created to allow for subsequent judicial review of a juvenile offender's sentence. *Horsley*, 160 So. 3d at 401.

Section 921.1401(2), Florida Statutes, provides that when determining if a juvenile offender should be sentenced to life imprisonment, "the court shall consider factors relevant to the offense and the [juvenile offender's] youth and attendant circumstances, including, but not limited to:

  (a) The nature and circumstances of the offense committed by the defendant.
  (b) The effect of the crime on the victim's family and on the community.
  (c) The defendant's age, maturity, intellectual capacity, and mental and emotional health at the time of the offense.
  (d) The defendant's background, including his or her family, home, and community environment.
  (e) The effect, if any, of immaturity, impetuosity, or failure to appreciate risks and consequences on the defendant's

4

participation in the offense.

(f) The extent of the defendant's participation in the offense.

(g) The effect, if any, of familial pressure or peer pressure on the defendant's actions.

(h) The nature and extent of the defendant's prior criminal history.

(i) The effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment.

(j) The possibility of rehabilitating the defendant.

§ 921.1401(2). The trial court properly considered each of these factors when it resentenced Appellant.

On appeal, Appellant argues that his "resentencing, 38 years after the commission of the offense, necessarily required the court to determine whether [Appellant]—based upon his performance in prison—'ha[d] been rehabilitated and is reasonably believed to be fit to reenter society.'"

The question as to whether a juvenile *has* in fact been rehabilitated comes from section 921.1402(7), which applies to subsequent judicial review of a sentence. Thus, Appellant's argument, made in the context of the resentencing process, lacks merit. For resentencing, Appellant's "performance in prison" was one part of the equation in considering element (j), "[t]he possibility of rehabilitating the defendant." § 921.1401(2), Fla. Stat. Such evidence is not, however, dispositive of a trial court's resentencing determination. That factor is only one of the ten in the sentencing statute. While it may weigh in Appellant's favor, this does not make the life sentence unconstitutional. Appellant will be entitled to present evidence of the full extent of his rehabilitation in prison at a sentence review hearing.

We note, however, that in addressing "the possibility of rehabilitating the defendant" pursuant to section 921.1401(2)(j), the trial court appears to have made findings as to whether Appellant has demonstrated maturity and rehabilitation while incarcerated, pursuant to section 921.1402(6)(a). Specifically, the resentencing order states that "[t]he court firmly believes that [Appellant's] character and propensity for violence is fixed. The court does not believe he can be rehabilitated. Rather, [Appellant] is properly described as being irreparably corrupt." The resentencing order also states that "[Appellant] possesses an immutable, dangerous and violent character." Moreover, the trial court afforded little weight to the extensive and unrebutted evidence of Appellant's rehabilitation, characterizing it as merely "demonstrat[ing] that [Appellant] has developed an ability to behave properly in a confined, closely controlled setting (referred to as 'walking

5

the razor's edge'), and nothing more." The court's statements with respect to whether Appellant has demonstrated maturity and rehabilitation—factors to be considered at his review hearing—were not supported by competent substantial evidence.

This error, however, is harmless. The trial court conducted the hearing required by the statute and considered all the juvenile offender sentencing factors before determining that a life sentence was appropriate. This holding is supported by the trial court's findings. The court did not impose a non-discretionary sentence of life without parole in violation of *Miller*, and the procedure employed by the court satisfied the dictates of *Landrum* by considering how juveniles are different.

Significantly, the trial court also found Appellant "eligible for sentence review." We have held that a sentence of life imprisonment with judicial review is constitutional. *Nelms*, 263 So. 3d at 90-91; *Cutts v. State*, 225 So. 3d 244, 245 (Fla. 4th DCA 2017). A juvenile offender sentenced to life imprisonment under section 775.082(3)(a)5.a. or section 775.082(3)(b)2.a. is entitled to a review of his or her sentence after twenty-five years. § 921.1402(2)(b).

During the judicial review, in determining if it is appropriate to modify the sentence, the trial court will look to a different set of factors than those articulated in the sentencing statute. The sentence review factors are set forth in section 921.1402(6). These factors look not only at circumstances and events leading up to and including the offense, but also include considerations of who the juvenile offender is at the time of the judicial review, i.e., whether the offender "has been rehabilitated and is reasonably believed to be fit to reenter society." § 921.1402(7), Fla. Stat. Therefore, it is at the review of his sentence that Appellant's "spiritual transformation" and model behavior will have greater weight.

Although the sentence review will involve consideration of different factors, given that the judge who handled the resentencing has already taken a position as to whether Appellant is "fit to reenter society," it would be appropriate that the sentence review be assigned to a different judge. Pursuant to section 921.1402(6), in determining if it is appropriate to modify Appellant's sentence, the court shall consider all of the listed factors.

Finally, we reject Appellant's argument that he was entitled to be resentenced under the 1983 sentencing guidelines instead of being resentenced under the new juvenile offender sentencing scheme. *Compare*

6

§ 775.082(8)(a),[3] *with* § 775.082(3)(b)2.[4]  The Florida Supreme Court held that the remedy for a *Miller* violation is to retroactively apply chapter 2014-220, Laws of Florida to a juvenile offender.  *Horsley*, 160 So. 3d at 405 ("We conclude that applying chapter 2014–220, Laws of Florida, to *all* juvenile offenders whose sentences are unconstitutional under *Miller* is the appropriate remedy.") (emphasis added); *see also* Fla. R. Crim. P. 3.781(a) ("The courts shall use the following procedures in . . . resentencing any juvenile offender whose sentence is determined to be unconstitutional pursuant to the United States Supreme Court's decision in *Miller* . . . or *Graham* . . . .).

This Court is bound by *Horsley,* and the rules adopted by the Florida Supreme Court.  Appellant was granted relief based on *Miller* and *Landrum,* and the remedy is as provided by the Florida Supreme Court. The Florida Supreme Court has not created any exception that would allow some juvenile offenders to opt for resentencing under different provisions.

Appellant points to *Logan v. State,* 921 So. 2d 556 (Fla. 2005), and *Smith v. State,* 537 So. 2d 982 (Fla. 1989), but those cases involved defendants who were adults when they committed their offenses.  Because they were resentenced after the 1983 guidelines went into effect, the

---

[3] Section 775.082(8)(a) provides:

> The sentencing guidelines that were effective October 1, 1983, and any revisions thereto, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 1994, and to all felonies, except capital felonies and life felonies, committed before October 1, 1983, when the defendant affirmatively selects to be sentenced pursuant to such provisions.

§ 775.082(8)(a), Fla. Stat. (2017).

[4] Section 775.082(3)(b)2. provides that

> a person convicted . . . of a first degree felony punishable by a term of years not exceeding life imprisonment, or an offense that was reclassified as a first degree felony punishable by a term of years not exceeding life, which was committed before the person attained 18 years of age may be punished by a term of years equal to life imprisonment if the judge conducts a sentencing hearing in accordance with s. 921.1401 and finds that a term of years equal to life imprisonment is an appropriate sentence.

§ 775.082(3)(b)2., Fla. Stat. (2017).

statute allowed them to opt for a guidelines sentence. Appellant, by contrast, was resentenced only because he alleged that his sentence violated *Miller*. Pursuant to *Horsley*, the appropriate remedy is to retroactively apply the 2014 juvenile offender sentencing scheme.

## Conclusion

Appellant, a juvenile offender who sought to be resentenced pursuant to the mandates of *Miller*, was properly resentenced according to the juvenile offender sentencing scheme enacted in chapter 2014–220, Laws of Florida. Section 775.082(3)(b)2. provides for the sentence applicable to Appellant, and the trial court properly resentenced him pursuant to that statutory provision. Because the trial court followed the proper procedure required for resentencing a juvenile offender, Appellant's life sentence subject to judicial review is constitutional.

*Affirmed.*

WARNER and GROSS, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***