DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEROY DAVIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-618

[September 18, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara A. McCarthy, Judge; L.T. Case No. 82-004054CF10B.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellant.

No brief filed for appellee.

KUNTZ, J.

Leroy Davis appeals an order denying his motion to vacate sentence based on *Miller v. Alabama*, 567 U.S. 460 (2012), and *Graham v. Florida*, 560 U.S. 48 (2010). The issue presented in this case is similar to the issue addressed in this Court's opinion of *Jones v. State*, No. 4D18-3589 (Fla. 4th DCA Sept. 18, 2019), also released today.

In *Jones*, the defendant moved for resentencing based on *Miller* and *Graham. Jones*, slip op. at 1. After the circuit court granted the motion and ordered resentencing, the State did not seek rehearing or appeal. *Id.* at 2. But after a change in the law, *see, e.g., Franklin v. State*, 258 So. 3d 1239 (Fla. 2018); *State v. Michel*, 257 So. 3d 3 (Fla. 2018), the State changed its position and objected to resentencing. *Jones*, slip op. at 2. The circuit court agreed with the State and vacated the order granting resentencing. *Id.* But because the circuit court lacked jurisdiction to reconsider the earlier order granting resentencing, we quashed the order on appeal and remanded with instructions to resentence the defendant to a lawful sentence. *Id.*

This case is distinguishable from *Jones* in a significant way. In this case, the circuit court did not enter an order granting the motion for resentencing. Because it had not ordered resentencing, there was no final order for the State to appeal. And, because there was no final order granting resentencing, the court was not required to resentence the defendant.

Finally, we agree with the circuit court on the merits that the defendant's sentence was not illegal. *See State v. Wesby*, 262 So. 3d 818, 818 (Fla. 4th DCA 2019) (citing *Franklin*, 258 So. 3d at 1240–41; *Michel*, 257 So. 3d at 3).

*Affirmed.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2